NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**RALPH J. COPPOLA,**
*Petitioner*

**v.**

**DEPARTMENT OF VETERANS AFFAIRS,**
*Respondent*

---

2022-2192

---

Petition for review of the Merit Systems Protection Board in No. SF-1221-17-0027-M-2.

---

Decided: November 18, 2024

---

RALPH STEPHEN COPPOLA, Law offices of Ralph Stephen Coppola, Reno, NV, argued for petitioner.

EMMA E. BOND, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, argued for respondent. Also represented by BRIAN M. BOYNTON, ELIZABETH MARIE HOSFORD, PATRICIA M. MCCARTHY, NATHANAEL YALE.

---

Before DYK, CHEN, and STOLL, *Circuit Judges*.

STOLL, *Circuit Judge*.

Dr. Ralph J. Coppola challenges the Merit Systems Protection Board's denial of corrective action in his individual right of action (IRA) appeal. Dr. Coppola argues that the Board incorrectly determined that, despite Dr. Coppola establishing a *prima facie* case of whistleblowing retaliation, the Department of Veterans Affairs provided clear and convincing evidence it would have terminated Dr. Coppola and not selected him for a full-time position even if he had not made any protected disclosures.

In his reply brief and at oral argument, Dr. Coppola focused on his satisfactory performance reviews, specifically a Focused Professional Practice Evaluation (FPPE) from March 2012, to argue that the Board failed to consider all the evidence by not reconciling Dr. Coppola's satisfactory FPPE with the subsequent recommendation by his supervisor, Dr. Lori Rawson, that he be fired in May 2012. *See* Pet. Reply Br. 9–19. At the outset, we do not see where this issue was clearly raised before the Board, and counsel could provide no citation for it at oral argument. Moreover, Dr. Coppola did not raise this issue on appeal until his reply brief, thus forfeiting the issue twice over. *See* Oral Arg. at 1:27–4:26, https://oralarguments.cafc.uscourts.gov/default.aspx?fl=22-2192_11122024.mp3; *see also Mass. Mut. Life Ins. Co. v. United States*, 782 F.3d 1354, 1369 (Fed. Cir. 2015) ("As a general principle, appellate courts do not consider issues that were not clearly raised in the proceeding below."); *United States v. Ford Motor Co.*, 463 F.3d 1267, 1276 (Fed. Cir. 2006) ("Arguments raised for the first time in a reply brief are not properly before this court."). In any event, substantial evidence supports the Board's determination that the VA would have taken this action regardless of Dr. Coppola's whistleblowing activity. The record shows that events postdating the March 2012 FPPE were similar in nature to earlier examples of

Dr. Coppola's disrespectful behavior and the continuation of such conduct after the March FPPE supports the Board's decision that Dr. Rawson removed Dr. Coppola because of his treatment of staff and patients and failure to follow VA policy, not in retaliation. *See, e.g.*, J.A. 766–67.

Dr. Coppola also raises various arguments about his employment status and the 2011 Master Agreement between the VA and the American Federation of Government Employees. *See, e.g.*, Pet. Br. 31–37. However, substantial evidence supports the Board's determination that Dr. Coppola was a temporary employee appointed under 38 U.S.C. § 7405(a)(1)(A) and thus was not entitled to due process accorded to employees under the civil service protection laws. *See* J.A. 34–39; J.A. 1073. Nor does Dr. Coppola grapple with the Board's determination that, even if the VA had been incorrect in assessing him as an at-will employee, "the evidence in support of that conclusion was so compelling as to render any incorrect assessment in that regard [as] not negatively impact[ing] the strength of the agency's evidence supporting the termination action (or reflect[ing] some additional retaliatory animus by any of the management officials involved in the action)." J.A. 39. Furthermore, an IRA appeal is not the proper venue to enforce the terms of a collective bargaining agreement or raise purported procedural errors as a defense. *See* 5 U.S.C. § 7121(d), (g); 5 C.F.R. § 1209.2.

We have considered Dr. Coppola's remaining arguments, but we do not find them persuasive. Rather, we find the Board's various challenged fact findings supported by substantial evidence, and we discern no errors in its legal analysis. For the foregoing reasons, we affirm.

**AFFIRMED**

COSTS

No costs.